```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SIMPLY CLEAN AIR & WATER, INC.

                        Plaintiff,              No. _____

        -against-                               **COMPLAINT**

THE ROGOSIN INSTITUTE, INC., and
THE BROOKDALE HOSPITAL MEDICAL                  **JURY TRIAL DEMANDED**
CENTER,

                        Defendants.
---------------------------------------------------------------X
```

Plaintiff Simply Clean Air & Water, Inc. ("Simply Clean"), by and through its undersigned attorneys, Scarola Zubatov Schaffzin PLLC, for its Complaint against Defendants The Rogosin Institute, Inc. ("Rogosin") and The Brookdale Hospital Medical Center ("Brookdale," or collectively with Rogosin, "Defendants"), alleges as follows:

## THE PARTIES

1.  Simply Clean is a Connecticut corporation, with a principal place of business at 28 Shepard Drive, Newington, Connecticut 06111.

2.  Upon information and belief, Rogosin is a New York not for profit organization with a principal place of business at 504 East 74th Street, 5th Floor, New York, NY 10021.

3.  Upon information and belief, Brookdale is New York not for profit corporation with its principal place of business at 1 Brookdale Plaza, Brooklyn, New York, 11212.

1

## JURISDICTION AND VENUE

4. The Court has subject matter jurisdiction under 28 U.S.C. § 1332(a)(1). Plaintiff is a citizen of Connecticut and Defendants are citizens of New York. The amount in controversy exceeds $75,000, exclusive of interests and costs.

5. Venue is proper under 28 U.S.C. § 1391(b)(1) as at least one of the Defendants resides in this district and both Defendants are residents of the State of New York.

## FACTS

6. Simply Clean is in the business of selling and installing FDA-compliant air and water filtration systems for medical use.

7. In or about May 2022, Dominic Sugrue, Director of Biomedical Services of Rogosin, requested a quote from Simply Clean for a central dialysis water treatment system to be installed at Brookdale where Rogosin operates one of its dialysis clinics.

8. On May 16, 2022, Mr. Ray Kowalec, Vice President of Simply Clean, provided a written quote to Mr. Sugrue with a detailed description of the equipment to be installed. The terms of the quote provided that a 25% non-refundable payment was due upon order, and that the remaining balance was "Net 30 after delivery."

9. Rogosin accepted the quote, and the configuration of the system requested by Rogosin came to a total of $243,570.00.

10. Rogosin paid an initial deposit of $59,683.75 on June 16, 2022 by ACH according to wire transfer instructions provided by Simply Clean. The wire transfer instructions were labeled with a large "People's United Bank" logo at the top and contained the address of the branch in West Hartford, Connecticut and routing and bank account numbers for Simply Clean.

11. Simply Clean subsequently ordered and paid for the needed equipment from the manufacturer, which arrived at the warehouse in or about early September 2022. Simply Clean then issued an invoice for the balance due of $183,886.25 addressed to Brookdale on September 7, 2022.

12. Simply Clean began delivering parts for the system through September 2022, and by October 4, 2022, completed installation of the requested dialysis water treatment system. While waiting for FDA clearance on the new system, a temporary back up system was running to avoid disruption of patient care.

13. Because of the size of the outstanding amount, Chuck Cossman, the President of Simply Clean, began calling Rogosin around the time of the issued invoice to inquire about payment. About half the time he would get voicemails, but he spoke to Mr. Sugrue and Valerie Thompson, Director of Finance at Rogosin, on several occasions, who would say they were working on it.

*Simply Clean's Email is Hacked and Rogosin Follows Nonsensical Payment Instructions*

14. Finally, on October 13, 2022, Mr. Sugrue told Mr. Cossman that the balance payment had already been wired to Simply Clean. Mr. Cossman responded that he had no record of receiving the payment. Mr. Sugrue then assured Mr. Cossman that he would figure out the discrepancy.

15. On October 21, 2022, Mr. Sugrue forwarded to Mr. Cossman an email between himself and Ms. Thompson, wherein Ms. Thompson told Mr. Sugrue that a wire payment had already been made to Simply Clean on September 20.

16.     A further attached email thread showed that Mr. Sugrue had emailed Mr. Cossman's email account at Simply Clean, scaw@sbcglobal.net, on September 19, 2022 asking whether the prior wire information they had was still up to date.

17.     Mr. Cossman was then shocked to read that Mr. Sugrue received a response, purportedly from Mr. Cossman himself, at 3:30 a.m. on September 20, telling Mr. Sugrue that Simply Clean had changed its banking information to an account at Bank of America in Cranston, Rhode Island, under the Company name Valyuu LLC. The email chain appeared as follows:

> From: Chuck Cossman <scaw@sbcglobal.net>
> Sent: Tuesday, September 20, 2022 3:30 AM
> To: Sugrue, Dominic <dos9046@nyp.org>
> Subject: [EXTERNAL] Re: Simply Clean Invoice
>
> Hi Dom,
> Find below our updated banking details we use in receiving payments at the moment, please advise with payment reciept when remittance has been done.
> I await your earliest response.
>
> Bank name: Bank of America
> Company name: Valyuu LLC
> Account Number: █████9218
> Routine Number: █████0010
> Address: Address 260 Atwood Avenue, 02920, Cranston, Rhode Island
>
>
> Simply Clean Air & Water , Inc.
> P.O. Box 310962
> Newington, CT 06131-0762
> ph: (860)231-0787
> fax: (860)231-1425
>
> On Monday, September 19, 2022 at 07:39:25 PM GMT+1, Sugrue, Dominic <dos9046@nyp.org> wrote:
>
> Hi Chuck,
>
> Is the attached bank information current?
>
> Dom
>
> Sent from my iPhone

4

18. Simply Clean had certainly not changed its company name to a nonsense moniker or bank account to an out of state (non-Connecticut) location. Mr. Cossman determined that his company email had been hacked by a fraudster trying to divert customer payments and called in a computer forensic specialist to investigate. In this case, the fraudster apparently deleted the email sent to Rogosin out of the sent messages folder and then emptied the trash folder to avoid detection.

*Defendants Refuse to Help Rectify Their Error*

19. After receiving the email chain containing the fraudulent email on October 21, 2022, Mr. Cossman immediately tried to reach Rogosin to let them know that the wire transfer they sent was erroneous so that action could be taken to correct it.

20. On October 21, 2022, Mr. Sugrue faxed Mr. Cossman a copy of the wire transfer confirmation from Rogosin's bank, M&T Bank, showing that "VThompson" had made a wire transfer payment for $183,886.25 on September 20, 2022 to a Bank of America account under the name Valyuu LLC.

21. Thus, despite having previously been given wire transfer instructions from Simply Clean with an account named after their actual company at People's United Bank in Connecticut where the company was located, Rogosin reviewed the email purportedly sent by Mr. Cossman—(1) well outside of business hours at 3:30 a.m.; (2) written in overly formalized, non-Americanized English not ever used before in prior correspondence by Mr. Cossman (i.e., telling the recipient to "please advise with payment receipt when remittance has been done," and "await[ing] [their] earliest response;") (3) changing Simply Clean's company name to the non-sensical "Valyuu LLC" and (4) changing Simply Clean's banking location to a different bank at

an out of state branch—and proceeded to send the wire that same day without stopping to separately confirm by phone or otherwise whether these instructions were legitimate.

22. Mr. Cossman finally got through to Ms. Thompson at Rogosin on October 24. Mr. Cossman asked Ms. Thompson to attempt to have Rogosin's bank rescind the wire or otherwise try to get a freeze on the funds transferred to the fraudster's account. He also asked that she contact the FBI and put Rogosin's insurance carrier on notice. Rather than offer a modicum of assistance or try to work cooperatively to remedy the situation, Ms. Thompson told Mr. Cossman that it was no longer her problem and to never call back again.

23. Shortly thereafter, on October 25, Mr. Cossman went to a local Bank of America branch to attempt to get information about the Valyuu LLC bank account into which Rogosin had wired its payment. The teller provided Mr. Cossman with bank statements for the Valyuu account for September and October 2022. While the account showed that some funds had been transferred out, as of October 25, 2022, the account still had a balance of $130,935.32.

24. Accordingly, even five weeks after the date of Rogosin's transfer of funds to the fraudster, had Defendants taken any action to contest Rogosin's wire or freeze those funds, a large portion of the lost funds would have been available for recovery.

25. On October 27, 2022, counsel for Simply Clean sent a letter to the Chief Operating Officer and Controller of Rogosin detailing the wire payment incident and Rogosin's active refusal to take any action to remedy the mistake.

26. Simply Clean's counsel did not receive a response until November 10, 2022, by letter from Defendants' counsel at Nixon Peabody LLP. The letter deflected any responsibility on the part of Defendants and instead contained a barrage of questions about Simply Clean's post-incident forensic analysis and whether Simply Clean used dual layer authentication

for its email system (which is unheard of for a small business general email account, let alone for most large businesses). Simply Clean's post-incident investigation and remedial efforts to prevent future hacks, which it had diligently undertaken, had no pertinence to Defendants' complete failure in the first instance to heed any of the numerous red flags in the fraudulent email and its subsequent repudiation of any responsibility to rectify the problem.

27. Having been stonewalled by Defendants in attempting to recover the money they owed Plaintiff, in December 2022, Mr. Cossman went back to Bank of America to determine whether there was any money left in the fraudster "Valyuu" account against which Plaintiff could attempt to take legal action on its own. While this time the bank teller would not release any statements from the account, the bank manager told Mr. Cossman that the account had now been permanently closed.

28. To date, despite demand, Defendants have done nothing to attempt to collect the funds they carelessly paid to a fraudster in the face of multiple red flags or otherwise pay Plaintiff the nearly $184,000 it is owed for the professional installation of the requested central dialysis water filtration system.

**FIRST CAUSE OF ACTION**
**(BREACH OF CONTRACT)**

29. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Plaintiff entered into a valid and enforceable contract with Defendants to supply and install a central dialysis water filtration system.

31. Plaintiff performed all of its obligations under the contract.

32. Defendants breached the contract by failing to pay Plaintiff the balance of the agreed upon price for the service.

33. As a result, Plaintiff has been damaged in the amount of $183,886.25.

## SECOND CAUSE OF ACTION
## (ACCOUNT STATED)

34. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

35. On September 7, 2022, Plaintiff presented Defendants with an invoice for the balance due of $183,886.25 for the installation of the requested central dialysis water filtration system.

36. In the various communications Mr. Cossman had with representatives of the Defendants, including Ms. Thompson and Mr. Sugrue, Defendants acknowledged that the stated balance was due and owing.

37. Defendants promised to pay the balance to Plaintiff, but failed to do so.

38. As a result, Plaintiff has been damaged in the amount of $183,886.25.

## THIRD CAUSE OF ACTION
## (BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING)

39. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

40. Inherent in the agreement between Simply Clean and Defendants to provide the central dialysis water filtration system was a duty to act in good faith and conduct fair dealing;

41. By refusing to work with Plaintiff to rectify their erroneous wire transfer such that Plaintiff never received its payment due for goods and services, Defendants breached this duty.

42. Had Defendants fulfilled their duty, Plaintiff would have received amounts due.

43. As a result, Plaintiff has been damages in the amount of $183,886.25.

**FOURTH CAUSE OF ACTION**
**(NEGLIGENCE)**

44. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

45. When Defendants undertook to make a six figure payment to Simply Clean by wire transfer, they owed a duty of reasonable care to carry out that wire transfer.

46. Defendants failed in this duty by ignoring numerous red flags in the purported wire transfer instructions sent by a fraudster, including, *inter alia*: (1) the 3:30 a.m. timestamp on the email containing the instructions; (2) the overly formalized and non-Americanized language in the email containing the instructions; (3) the gibberish company name on the wire transfer instructions; (4) the out of state bank account at a new bank on the wire transfer instructions. Defendants also failed in this duty by neglecting to call Simply Clean to verify the purported change in payment instructions.

47. Had Defendants noticed any of the obvious red flags and/or called Simply Clean for verification of the wire payment instructions in response to this email, Defendants would not have wired the funds to the fraudster and Plaintiff would have received the funds it was due.

48. As a result, Plaintiff has been damaged in the amount of $183,886.25.

## FIFTH CAUSE OF ACTION
## (GROSS NEGLIGENCE)

49. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

50. When Defendants made a wire transfer of the payment due to Simply Clean to a fraudster instead of Simply Clean, they owed a duty to Plaintiff to attempt to rectify their mistake.

51. Defendants failed in this duty and instead acted with wanton disregard and willful indifference to the rights of Simply Clean by, *inter alia*: (1) refusing to call their bank to attempt to reverse their erroneous wire; (2) refusing to take any other investigatory action or steps to freeze the funds in the account to which they wired them; (3) refusing to work with Simply Clean to rectify the problem and instead, telling Simply Clean it "wasn't their problem" and to "never call back again."

52. Had Defendants taken any action to try to reclaim the negligently sent funds, funds could have been recovered and paid to Plaintiff.

53. As a result, plaintiff has been damaged in the amount of $183,886.25.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff is entitled to a judgment against Defendants as follows:

a. Actual damages in the amount of $183,885.25;

b. Prejudgment interest at the New York statutory rate of 9% per annum;

c. Costs, disbursements, and such other and further relief as the Court deems just and proper.

Dated: New York, New York
January 26, 2023

SCAROLA ZUBATOV SCHAFFZIN PLLC

By: *[signature]*
Cassandra Porsch
620 Fifth Avenue, 2nd Floor
New York, NY 10020
cp@szslaw.com
Tel: (212) 757-0007

Attorneys for Plaintiff