UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- X

SIMPLY CLEAN AIR & WATER, INC.,    :

                      :    ECF CASE

         Plaintiff,      :

                      :    Case No. 1:23-cv-00699-JMF

      -against-      :

                      :

THE ROGOSIN INSTITUTE, INC.,     :

                      :

        Defendant.     :

------------------------------------------------------- X

## ~~[PROPOSED]~~ CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

IT IS HEREBY STIPULATED AND AGREED between and among the undersigned parties, by and through their attorneys of record, that:

WHEREAS, the parties acknowledge and agree that certain information, documents, communications, and things of the undersigned parties and third parties subject to discovery in this action may be confidential, proprietary, or contain other commercially sensitive business information and/or legitimate privacy interests that must be safeguarded;

WHEREAS, to expedite discovery and permit discovery to proceed without the delay occasioned by possible disputes regarding claims of confidentiality, the parties wish to produce documents and things subject to the protective provisions set forth below;

WHEREAS, the parties' disclosure of information in this action is made in reliance on the provisions of this Confidentiality Stipulation and Protective Order ("Protective Order") permitting the parties and third parties to designate documents, deposition and other testimony, information, and things as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as defined below, and thereby protect such designated information from unauthorized use or disclosure; and

WHEREAS, the parties respectfully submit that there is good cause for the entry of this Protective Order.

NOW, THEREFORE, the parties hereby stipulate and agree to the Terms and Conditions set forth below and entry by the Court of this Protective Order in this action.

## TERMS AND CONDITIONS

1.      Any person subject to this Protective Order — including, without limitation, the parties to this action, their representatives, agents, experts, consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order — shall adhere to the terms of this Protective Order.

2.      The terms and conditions of this Protective Order shall be applicable to and shall govern all information, regardless of medium or format, and all documents and all tangible things produced in response to any discovery request or subpoena in this action, including without limitation all responses to requests for production, documents and other tangible things produced to a party, answers to interrogatories, responses to requests for admissions, deposition testimony, and all other discovery taken pursuant to the Federal Rules of Civil Procedure ("Discovery Material" or "Discovery Materials").  The terms "Discovery Material" and "Discovery Materials" shall also include all such information, documents, and things produced in connection with this action voluntarily, or pursuant to a rule, order, or other requirement.

3.      When used in this Protective Order, the word "document" shall have the meaning set forth in Local Civil Rule 26.3(c) of the Local Rules of the United States District Court for the Southern and Eastern District of New York (the "Local Rules"), and includes copies of material encompassed by the definition of "document."

4.      When used in this Protective Order, a party, third-party, person, or entity that discloses or produces Discovery Materials in connection with this action is a "Disclosing Party" or "Designating Party."  When used in this Protective Order, a party, third-party, person, or entity that receives Discovery Materials in connection with this action is a "Receiving Party."

5.      "Confidential Information" as used herein means any type or classification of information in any of the Discovery Materials that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by the Disclosing Party in accordance with this Protective Order.

6.      Confidential Information shall not be used or disclosed for any purpose other than for the prosecution, defense, appeal, or settlement of the above-captioned action and any appeals. Any use of information obtained from Discovery Materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for any purpose other than the prosecution, defense, appeal, or settlement of this action, including in any communications with the press or for any business purposes, is expressly prohibited and would constitute a material breach of this Protective Order.

7.      Any party to this action or third party that produces Discovery Materials in this action may designate as "CONFIDENTIAL" any Discovery Materials that it reasonably believes contain non-public business, commercial, financial, proprietary, or personal information or information which the Designating Party believes falls within the right of privacy guaranteed under federal or state law (even with appropriate redactions), and the public disclosure of which is either restricted by law or could, in the good faith opinion of the Disclosing Party, adversely affect or cause injury to its business or business relationships with others or that contain other information for which a good faith claim of the need for protection from disclosure, including

without limitation any federal or state privacy laws (even with appropriate redactions), can be made under the Federal Rules of Civil Procedure or other applicable law.

8.     Any party to this action or third party that produces Discovery Materials in this action may designate such materials as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" if counsel for the Disclosing Party reasonably and in good faith believes that the Discovery Materials contain or reflect highly confidential information that comprises highly sensitive technical, business, commercial, financial, proprietary, or research information that has not been made public, or information which the Designating Party believes falls within the right of privacy guaranteed under federal or state law (even with appropriate redactions) and could cause (i) the Disclosing Party to suffer substantial competitive or other harm, or (ii) privacy concerns for any person if publicly known or known by agents or employees of the parties who would have access to the Discovery Materials under this Protective Order.

9.     The Designating Party shall not designate as Confidential Information documents or things that are known by the Designating Party to be available to members of the general public.

10.     The "CONFIDENTIAL" and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designations set forth in Paragraphs 7 and 8 of this Protective Order may be made at or prior to the time of production of documents by stamping the word "CONFIDENTIAL" or words "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" on each page of the Discovery Materials to be deemed Confidential Information, or, in the case of depositions, as provided in Paragraph 13 below.

11.     Production of any Discovery Materials without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall

not be deemed a waiver of any party's claim of confidentiality as to such matter.  The initial failure to designate Discovery Materials in accordance with this Protective Order shall not preclude any party or third party, at a later date, from designating such materials "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  If at any time prior to the trial of this action, a Disclosing Party realizes that some portion(s) of Discovery Materials that the person previously produced without limitation should be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," the Disclosing Party may so designate it by apprising all parties in writing, by written notice to counsel of record for the Receiving Party, and such designated portion(s) of the Discovery Materials will thereafter be treated as Confidential Information under the terms of this Protective Order as if they had been initially designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Upon receipt of such notice, the Receiving Party shall restrict the disclosure or use of such material to those persons qualified pursuant to this Protective Order, and, if such material has previously been disclosed to persons not qualified pursuant to this Protective Order, the Receiving Party shall take reasonable steps to obtain all such previously disclosed Confidential Discovery Materials and advise such persons of the designation of confidentiality.  The Designating Party shall supply, at its own cost, replacement pages containing the new designation of confidentiality.

12.    The inadvertent production or disclosure of any document or communication that is subject to an attorney-client, attorney work product, or other privilege will not be deemed a waiver or forfeiture of such privilege, provided that the party entitled to assert such privilege notifies the parties to whom such inadvertent disclosure or production was made in writing upon discovery of such inadvertent disclosure.  If a Disclosing Party makes a claim of inadvertent

disclosure of privileged or protected information, the Receiving Party shall, within five business days, return or destroy all copies of the inadvertently disclosed information (including all copies provided to third parties under this Protective Order), and provide a certification of counsel that all such information has been returned or destroyed. Within five business days of the notification that such inadvertently disclosed information has been returned or destroyed, the Disclosing Party shall produce a privilege log with respect to that inadvertently disclosed information. The Receiving Party may move the Court for an Order compelling production of the inadvertently disclosed information, and shall seek leave to file such motion under seal pursuant to the Local Rules and the Court's Individual Practices. The Disclosing Party retains the burden of establishing the privileged or protected nature of any inadvertently disclosed information. The Receiving Party shall not assert waiver due to the inadvertent production as a ground for such motion. Nothing in this Protective Order shall limit the right of any party to request an *in camera* review of the inadvertently disclosed information. The production of any document during discovery in this action that, absent such production, would have been in whole or in part privileged or otherwise immune from disclosure, will not waive the privilege, work product protection, or other immunity from disclosure as to any material not produced, regardless of the subject matter.

13.     In the case of depositions, designation of the transcript or the portion of the transcript that contains "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Materials shall be made by a statement to such effect, on the record, during the course of the deposition, or by a statement in writing sent to all counsel of record within 10 business days after receipt of the transcript of such deposition, and the court reporter will be directed to affix a "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" designation to such portions.  Until the expiration of the period of 10 days, the parties shall treat the entire transcript as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Materials.  The parties may modify this procedure for any particular deposition, through agreement on the record at such deposition (or thereafter in writing) without further order of the Court.

14.     Any party objecting to the designation of any information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" must give counsel for the Designating Party written notice of the objection and its reasons for the objection, and the parties shall attempt in good faith to resolve their differences.  Failing resolution, the party challenging the designation may file a motion with the Court, which it shall seek leave to do under seal, requesting that the challenged designations be changed.  Until the Court rules on the motion, the Discovery Material shall be treated as designated.

15.     The undersigned will treat Discovery Materials that are designated by a third party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in accordance with the terms and conditions of this Protective Order regardless of whether the third party is or becomes a signatory to this Protective Order.

16.     Discovery Materials designated as "CONFIDENTIAL" shall only be disclosed to:

(a)     Outside counsel of record in this action for the parties;

(b)     The direct staff of, and any contract support personnel employed or retained by, any of the counsel listed in Paragraph 16(a) above, provided that such persons are actively involved in assisting with the prosecution or defense of this action;

(c)     Subject to compliance with Paragraph 18, employees, officers, directors, and agents of the parties who are assisting outside counsel in the prosecution or defense of the case;

(d)     The Court and its staff in connection with the Court's administration and adjudication of this action;

(e)     Jurors;

(f)     Court reporters transcribing depositions or testimony in this action and videographers taping depositions in this action;

(g)     Subject to compliance with Paragraph 18 of this Protective Order, outside experts or consultants who are not regular employees of a party but are retained on behalf of any of the parties by their outside counsel to assist in the prosecution or defense of this action and are working under their direction or control;

(h)     Outside vendors or service providers retained by a party or outside counsel for a party, such as photocopying service providers, graphic production services, litigation support services, and eDiscovery vendors to assist in this action;

(i)     Any person who was an author or recipient of such document;

(j)     Subject to compliance with Paragraph 18 of this Protective Order, to the extent reasonably necessary to assist any party in the prosecution or defense of this action, any current or former employee of any party may review any document marked as "CONFIDENTIAL" by any party; and

(k)     During a deposition, a deponent who is a current or former employee, officer, director, agent or designated corporate representative of a party may be shown or examined about any document marked as "CONFIDENTIAL" produced by such party.

17.     Discovery Materials designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" shall only be disclosed to:

(a)     Outside counsel of record in this action for the parties;

(b)     The direct staff of, and any contract support personnel employed or retained by, any of the counsel listed in Paragraph 17(a) above, provided that such persons are actively involved in assisting with the prosecution or defense of this action;

(c)     The Court and its staff in connection with the Court's administration and adjudication of this action;

(d)     Jurors;

(e)     Court reporters transcribing depositions or testimony in this action and videographers taping depositions in this action;

(f)     Subject to compliance with Paragraph 18 of this Protective Order, outside experts or consultants who are not regular employees of a party but are retained on behalf of any of the parties by their outside counsel to assist in the prosecution or defense of this action and are working under their direction or control;

(g)     Outside vendors or service providers retained by a party or outside counsel for a party, such as photocopying service providers, graphic production

services, litigation support services, and eDiscovery vendors to assist in this action;

(h) To the extent reasonably necessary to assist any party in the prosecution or defense of this action, any person who was an author or recipient of such document; and

(i) During a deposition, a deponent who is a current or former employee, officer, director, agent or designated corporate representative of a party may be shown or examined about any document marked as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" produced by such party with the consent of counsel for the producing party, or if the deponent authored the document and/or is identified in the document as having previously received it.  If the document has no identified authors or recipients, then it may be shown to the deponent if counsel taking the deposition reasonably believes in good faith that the deponent is likely to have information regarding the document and counsel has established on the record the basis for this good faith belief.

18.    Subject to the other provisions of this Protective Order, individuals that fall under paragraphs 16(c), 16(f), 16(g), 16(h), 16(j), 16(k), 17(e), 17(f), 17(g), and 17(i), above, may not be given access to any information or material designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" unless they first complete and sign a copy of the undertaking in the form of the Declaration of Compliance attached hereto as Exhibit A confirming their understanding and agreement to abide by the terms of this Protective Order.

19.     The disclosure of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" Discovery Materials covered by this Protective Order, whether
pursuant to compelled discovery or otherwise, shall not constitute a waiver of any proprietary or
other rights to or in such information.  If any person receiving "CONFIDENTIAL" or "HIGHLY
CONFIDENTIAL – ATTORNEYS' EYES ONLY" Discovery Materials covered by this
Protective Order is subpoenaed in another action or proceeding, served with a document demand,
or otherwise requested to provide material covered by this Protective Order, and such subpoena,
document demand, or request seeks material which was produced or designated as
"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by any
Designating Party, the person receiving the subpoena, document demand or request shall give
written notice immediately (no more than five business days after receipt) to counsel for the
Designating Party and shall, to the extent permitted by law, withhold production of the material
until any dispute relating to the production of such material is resolved.

20.     Information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
ATTORNEYS' EYES ONLY" may be copied or reproduced only to the extent reasonably
necessary for the conduct of this action.  All such copies or reproductions shall be subject to the
terms of this Protective Order.

21.     Any person given access to any Discovery Materials containing Confidential
Information shall take reasonable care to ensure that the information is not communicated or
disclosed to anyone not authorized by Paragraphs 16 and 17 of this Protective Order to receive
such information.  If any person given access to any Discovery Materials containing Confidential
Information becomes aware that the Confidential Information in its possession was
communicated or disclosed to anyone not authorized by Paragraphs 16 and 17 of this Protective

11

Order to receive such information, that person must promptly (a) secure the return and destruction of all copies of the Discovery Materials containing Confidential Information from anyone not authorized to receive them, (b) notify the Disclosing Party in writing upon learning of the unauthorized disclosure and (c) certify in writing that he will undertake reasonable care to ensure that the Discovery Materials containing Confidential Information are maintained in a reasonably secure manner so as to avoid any future unauthorized disclosure of the Confidential Information.

22.     Nothing contained in this Protective Order shall affect the right of any Designating Party to maintain its own documents as it chooses, or to disclose or use for any purpose the documents or information produced and designated by the Designating Party as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," subject to the right of a party to seek removal of the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation of such documents or information as a result of such disclosure or use.  Further, this Protective Order shall not limit or affect the rights of any party to use or disclose any information or thing that has not been obtained through, or derived as a result of, this action.

23.     In the event that a party wishes to use any Discovery Materials designated as Confidential Information, or any document containing or making reference to the contents of such Confidential Information, in any pleading or document filed with the Court in this litigation, such party shall seek permission from the Court to file said material under seal or in redacted form in accordance with Paragraph 7 of the Court's Individual Rules and Practices and any other applicable Local Rules or Electronic Case Filing Rules.  Notwithstanding the foregoing, in accordance with Rule 5.2 of the Federal Rules of Civil Procedure and the Southern District's

ECF Privacy Policy ("Privacy Policy"), there are two categories of information that may be redacted from public court filings without prior permission from the Court: "sensitive information" and information requiring "caution."  The parties should not include in their public filings, unless necessary, the five categories of "sensitive information" (i.e., social security numbers [use the last four digits only], names of minor children [use the initials only], dates of birth [use the year only], financial account numbers [use the last four digits only], and home addresses [use only the City and State]).  The parties may also, without prior Court approval, redact from their public filings the six categories of information requiring caution described in the Privacy Policy (i.e., any personal identifying number, medical records [including information regarding treatment and diagnosis], employment history, individual financial information, proprietary or trade secret information, and information regarding an individual's cooperation with the government).  Should the Court decline to grant leave to file under seal or in redacted form, the parties may proceed to use such material in public filings as is necessary to prosecute or defend any claim(s).

24.     Compliance with this Protective Order shall not be construed in any way as an admission or agreement by any party that the designated disclosure constitutes or contains any proprietary or confidential information of any other party or witness.  No party to this action shall be obligated to challenge the propriety of any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation by any other party or witness, and failure to do so shall not constitute a waiver or in any way preclude a subsequent challenge in this or any other action to the propriety of such designations.

25.     Unless otherwise agreed to in writing by an attorney of record for the Designating Party, within 90 days of the final adjudication (including any appellate proceedings) or other

final disposition of this action, all persons listed in Paragraphs 16 and 17 above, with the

exception of Paragraphs 16(d), 16(e), 17(c), and 17(d), who received any materials containing

information designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" shall, at the election of the Designating Party, either (1) assemble

and return all such materials in its possession, including all copies thereof, to the Designating

Party, or (2) certify in writing that all such material has been destroyed.  If returned, the

Designating Party shall acknowledge in writing the receipt of any returned material.  Counsel of

record shall make reasonable efforts to ensure that any experts, consultants, and outside legal

vendors it has retained abide by this provision.

26.     Notwithstanding the foregoing paragraph, outside counsel for the parties shall be

entitled to retain court papers, deposition and trial transcripts, attorney work product, and all

exhibits to any of the foregoing that reflect or contain information designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," provided

that such outside counsel, and employees of such outside counsel, shall maintain the

confidentiality thereof and shall not disclose any such information contained in such court papers

or attorney work product or exhibits thereto to any person except pursuant to court order (with

notice to the Disclosing Party) or the written consent of the Disclosing Party.

27.     The confidentiality obligations imposed by this Protective Order, and this Court's

jurisdiction over disputes relating to this Protective Order, shall survive termination of this

action, and shall remain in effect unless otherwise expressly ordered by the Court.

28.     Nothing in this Protective Order shall be construed to effect an abrogation,

waiver, or limitation of any kind on the right of the parties or any nonparty to assert any

applicable privilege.

29.     This Protective Order shall not prevent a party from applying to the Court for further or additional protective orders.

30.     Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person: (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under applicable law, material as to which the Disclosing Party claims a legal obligation not to disclose, or material not required to be provided pursuant to applicable law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole or in part, as Confidential Information governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.


**STIPULATED AND AGREED TO BY ALL PARTIES:**

Dated:  April 27, 2023

Respectfully submitted,                              Respectfully submitted,

SCAROLA ZUBATOV SCHAFFZIN PLLC          NIXON PEABODY LLP

By:  _/s/ Cassandra Porsch_                        By:  _/s/ Gina M. McCreadie_
        Cassandra Porsch                                         Gina M. McCreadie (GM6189)
        620 Fifth Avenue, 2nd Floor                          Jason C. Kravitz (*admitted pro hac vice*)
        New York, NY  10020                                   Exchange Place
        Tel:  212-757-0007                                       53 State Street
        cp@szslaw.com                                            Boston, Massachusetts 02109
                                                                           Tel:  617-345-6189
                                                                           Fax: 617-345-1300
                                                                           gmccreadie@nixonpeabody.com
                                                                           jkravitz@nixonpeabody.com

*Attorney for Simply Clean Air & Water, Inc.*   *Attorneys for The Rogosin Institute, Inc.*

SO ORDERED this  27  day of  April                        , 2023

_____
The Honorable Jesse M. Furman
United States District Judge


This stipulation binds the parties to treat as confidential the documents so classified. This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------- X

SIMPLY CLEAN AIR & WATER, INC.,                  :

              Plaintiff,                   :

      -against-                                       :

THE ROGOSIN INSTITUTE, INC.,                     :

             Defendant.              :

----------------------------------------------------- X

      ECF CASE

      Case No. 1:23-cv-00699-JMF

**DECLARATION OF COMPLIANCE**

       I hereby certify my understanding that Discovery Material designated as

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is being

provided to me pursuant to the terms and restrictions of the Confidentiality Stipulation and

Protective Order entered in this action by the U.S. District Court for the Southern District of

New York on _____, 2023 (the "Protective Order"). I have read and understand the

terms of the Protective Order and I agree to be fully bound by them. I understand that any

violations of the terms and conditions of the Protective Order may be regarded as contempt of

Court. I hereby submit to the jurisdiction of the United States District Court for the Southern

District of New York for the purposes of enforcement of this Protective Order.

       I declare under penalty of perjury that the foregoing is true and correct. Executed this

_____ day of _____, _____.

_____

Printed Name: _____